```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF INDIANA
              SOUTH BEND DIVISION
```

TRAVIS CUNNINGHAM,            )
                              )
Plaintiff,                    )
                              )
vs.                           )   CAUSE NO. 3:13-CV-161
                              )
JUDGE RICK MAUGHMER,          )
                              )
Defendant.                    )

## OPINION AND ORDER

Travis Cunningham, a *pro se* prisoner, began this case by filing a document captioned, "Motion to File a 42 U.S.C. 1983 Act Tort Claim Against Judge Rick Maughmer for Violation of Civil Rights and Monetary Damages" on March 4, 2013 (DE #1). Because Cunningham is proceeding *pro se*, the Clerk properly accepted this as a complaint against Judge Rick Maughmer pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the court **DISMISSES** this case pursuant to 28 U.S.C. § 1915A.

DISCUSSION

Travis Cunningham is suing state court Judge Rick Maughmer, claiming the judge was biased against him during his criminal trial. He alleges that Judge Maughmer permitted the trial to continue with illegal and inadequate evidence. He alleges that the Judge sentenced him more harshly than another defendant and also gave him an additional 30 days for insolence even though he had not

done anything wrong. Judge Maughmer has absolute immunity for judicial acts which are within the jurisdiction of his court. This is true even if his "exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Conducting trials, ruling on the admissibility of evidence, and sentencing criminal defendants are all within the jurisdiction of the state court. Therefore, the claims against Judge Maughmer must be dismissed.

In addition, Cunningham states that he is suing the prosecutor and the State of Indiana because she charged him with a C felony and was unethical during his trial. These claims must also be dismissed because, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). "Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000) (quotation marks and citation omitted). Moreover, the Eleventh Amendment precludes lawsuits in federal court against a State for money damages unless Congress has abrogated the State's immunity from suit or the State has consented to suit. *MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). Here, Indiana has not consented to this suit, and Congress did not abrogate the State's immunity

2

through the enactment of Section 1983. *See Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). Therefore, Cunningham does not state a claim against either the prosecutor or the State of Indiana.

CONCLUSION

For the reasons set forth above, the court **DISMISSES** this case pursuant to 28 U.S.C. § 1915A.

**DATED: March 12, 2013**          /s/ RUDY LOZANO, Judge
                                   **United States District Court**